```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                      EASTERN DIVISION
```

**FFDI,** *et al.***,**

      **Plaintiffs,**

  vs.                          **Civil Action 2:07-CV-744**
                                  **Magistrate Judge King**

**JAG GRAPHICS LTD.,** *et al.***,**

      **Defendants.**

## OPINION AND ORDER

This is a diversity action in which plaintiffs assert claims of breach of contract, promissory estoppel and an accounting in connection with investments in, the operation of and guaranties for defendant JAG Graphics, Ltd. In response, defendants deny liability and assert counterclaims for breach of contract, breach of the duties of loyalty and care, of fiduciary duty and of duty of good faith and fair dealing. Defendants also assert claims of unjust enrichment, negligent misrepresentations, civil conspiracy, bad faith, *quantum meruit*, promissory estoppel, accounting, misappropriation and fraud.

This matter is before the Court on *Plaintiffs' Motion to Compel* ("*Motion to Compel*"), Doc. No. 13.

**I.    BACKGROUND**

Plaintiffs allege that plaintiff Edward Weinstock ("Weinstock") and defendant John Giddens ("Giddens") entered into an oral agreement in February 2006 ("the oral agreement"), under which Weinstock purchased membership interests in defendant JAG Graphics, Ltd. ("JAG") for $255,000.[1] *Complaint*, ¶ 11. Plaintiffs allege that pursuant to

---

[1] JAG is in the business of screen and grand format digital printing. *Complaint*, Doc. No. 2, ¶ 8. Giddens is the president of JAG. *Id.* at ¶ 9.

this oral agreement, Giddens and Weinstock would jointly own and operate JAG . *Id*. at ¶ 13. As part of this oral agreement, Weinstock also executed certain guaranties, including a personal guaranty with Giddens ("the Weinstock-Giddens Guaranty"), to enable JAG to enter into equipment leases. *Id*. at ¶¶ 14-16 (citing Exhibit A, attached to *Complaint*). In addition, Weinstock "funded a corporate, joint access bank account at Heartland Bank for JAG's use." *Id*. at ¶ 17. Plaintiffs allege that defendants violated the oral agreement by excluding Weinstock from JAG's operations. *Id*. More specifically, Giddens "opened a separate bank account accessible only to himself, and denied Weinstock access to the account" and "diverted all client receivables into the separate bank account to which Weinstock had no access." *Id*.

Later, plaintiffs' counsel contacted Giddens demanding reimbursement of Weinstock's $255,000 and removal of Weinstock's name from the Weinstock-Giddens Guaranty. *Id*. at ¶ 20 (citing Exhibit C, letter dated May 4, 2007). In response, Giddens offered to indemnify Weinstock as to the Weinstock-Giddens Guaranty. *Id*. at ¶ 21. Giddens also agreed to refund the $255,000 through monthly payments that represent "the maximum amount which the Company [JAG] can afford to pay toward the [$255,000] obligation." Exhibit D, letter dated June 11, 2007, attached to *Complaint*; *Complaint*, ¶ 21. Giddens' counsel represented that JAG lost more than $250,000 in 2006, but "refused to turn over any additional financial information." *Complaint*, ¶ 23. Thereafter, plaintiffs filed this action, alleging claims for breach of contract, promissory estoppel and for an accounting. *Id*. at ¶¶ 25-43. Plaintiffs seek reimbursement of Weinstock's $255,000 investment,

removal of Weinstock's name from the Weinstock-Giddens Guaranty and indemnification for the other guaranty.  *Id.*, *Prayer for Relief*.

The *Motion to Compel* seeks production of financial records that plaintiffs believe are responsive to their requests for production of documents.  *Motion to Compel*, pp. 1-3 (citing Exhibit A, "Plaintiffs' Request for Production of Documents and Things," attached thereto) ("document requests").  Specifically, plaintiffs seek documents responsive to the following document requests:

> 6. All documents relating to any investments, lines of credit or loans obtained by JAG and/or Giddens, including but not limited to those obtained from individuals, corporations, vendors or banks.
>
> 7. All documents relating to any monies Giddens contributed to or invested in JAG.
>
>    *   *   *   *
>
> 11. All documents relating to any and all bank accounts opened by Giddens and/or JAG in which distributions, revenues or expenses of JAG have been deposited or paid, including but not limited to accounts opened at Heartland Bank and Fifth Third Bank.
>
>    *   *   *   *
>
> 13. All financial books and records relating to JAG, including but not limited to documents reflecting distributions, sales, income, accounts receivable, accounts payable, assets, debts, client invoices, general ledgers and payroll reports.
>
> 14. All tax returns filed by JAG.
>
> 15. All documents relating to any and all monies received by Giddens from JAG, including but not limited to documents sufficient to identify Giddens' annual salary, bonus and/or distributions.

Exhibit A, attached to *Motion to Compel*.[2]  Plaintiffs represent that

---

[2] The document requests "cover the time period from June 2005 to the present."  Page 4 of Exhibit A, attached to *Motion to Compel*.

despite attempts by counsel, defendants continue to refuse to produce the financial documents and the parties have reached impasse on this issue. *Motion to Compel*, pp. 2-3; *Certification According to Fed. R. Civ. P. 37(a)(2)(A) and Local Rule 37.2*, attached to *Motion to Compel*.

Plaintiffs made their document requests on September 28, 2007, and assert that defendants failed to provide a written response or objections to these requests until months later, on January 25, 2008, when defendants served unsigned responses. *Motion to Compel,* at 3. Plaintiffs argue that this delay constitutes a waiver of objection. *Id*. at 5.  Plaintiffs urge the Court to order production of the requested financial documents without consideration of defendants' objections.  *Id*.

In any event, however, plaintiffs contend that the requested documents are "highly relevant to the claims and defenses" in this case.  *Id*.  The litigation seeks the return of the $255,000 investment and plaintiffs contend that JAG's financial records are necessary to evaluate the corporation's financial viability and to ensure that defendants do not withdraw business funds that could be used to repay Weinstock.  *Id*. at 5-6.  Finally, plaintiff Weinstock claims a right to this information as an owner of JAG.  *Id*. at 6.  Plaintiffs also request their costs and attorneys' fees related to the filing of this motion.  *Id*.

In response, defendants deny that the requested financial documents are relevant to the claims or defenses in this case. *Defendants, JAG Graphics, Ltd. and John Giddens', Memorandum in Opposition to Plaintiffs, FFDI and Ed Weinstock's Motion to Compel* ("*Defendants' Response*"), Doc. No. 16, pp. 2-5.  In defendants' view,

4

the requested documents are irrelevant to the breach of contract claim because the documents do not prove whether or not a contract exists, *id*. at 6; the financial documents "have no relevancy to the monies loaned to Defendants" because there is no evidence or assertion that plaintiffs were partners or members of JAG. *Id*. at 8.  Defendants simply characterize plaintiffs as creditors not entitled to defendants' financial information. *Id*. at 5-6, 8-9.

Defendants also contend that their letter[3] offering monthly payments to plaintiffs has not been asserted as a substantive defense and, instead, is a settlement offer. *Id*. at 5. Defendants further argue that it is "noteworthy" that, although plaintiffs believe that the parties did not reach a settlement in 2007, they continue to negotiate defendants' monthly checks. *Id*.  Defendants contend that the Court should not deem waived their objections to the document requests because they produced all relevant documents in November and inadvertently served unsigned responses to plaintiffs on January 25, 2008. *Id*. at 9-10.  Finally, defendants request that, in the alternative, "this Court grant Defendants a Protective Order on any financial records that must be disclosed." *Id*. at 10.  Defendants do not submit a proposed protective order.[4]

In reply, plaintiffs argue that the financial documents are

---

[3]Curiously, defendants identify the defense letter that offered monthly payments to plaintiff as a letter dated "May of 2007, attached to Plaintiff's Motion to Compel as Exhibit D[.]" *Defendants' Response*, p. 5.  However, there is no Exhibit D attached to the *Motion to Compel*. Instead, the letter from defendants offering monthly payments is dated *June* 11, 2007, and is attached to the *Complaint* as Exhibit D.

[4]Defendants also request an oral hearing on the *Motion to Compel*. *Defendants' Response*, pp. 1, 10.  The Court denies this request as the motion can be decided on the parties' written submissions.

5

necessary to determine whether JAG can repay Weinstock on its proffered monthly basis and to ensure that defendants are not withdrawing JAG funds that could be used to repay Weinstock. *Plaintiffs' Memorandum of Law in Further Support of Their Motion to Compel* ("*Reply*"), Doc. No. 19, pp. 1, 3.  Plaintiffs contend that the documents are relevant to the breach of contract and promissory estoppel claims because the information is expected to establish that Giddens operated JAG without Weinstock's involvement in violation of the oral agreement.  *Id*. at 3.  Plaintiffs also argue that Weinstock has a right to the information as a JAG owner, as the *Complaint* specifically alleges that he purchased an ownership interest in JAG when he invested the $255,000.  *Id*. at 2.  Plaintiffs also note that defendants admit an untimely response to plaintiffs' document requests for which they offer no explanation.  *Id*. at 3.

**II.  STANDARD**

Rule 37 of the Federal Rules of Civil Procedure authorizes a motion to compel discovery when a party fails to provide proper responses to requests for production of documents under Rule 34.  Rule 37(d) expressly authorizes a court to order sanctions if "a party, after being properly served with interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve its answers, objections, or written response."  Fed. R. Civ. P. 37(d)(1)(A)(ii).

Determining the proper scope of discovery falls within the broad discretion of the trial court.  *Lewis v. ACB Business Services, Inc.*, 135 F.3d 389, 402 (6th Cir. 1998).  The Federal Rules of Civil Procedure authorize broad discovery.  *United States v. Leggett &*

*Platt, Inc.*, 542 F.2d 655 (6th Cir. 1976). Discovery may relate to any matter within the scope of Rule 26(b). Fed. R. Civ. P. 34(a). Rule 26(b) authorizes "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* These rules are to be construed liberally in favor of permitting appropriate discovery. *Schlagenhauf v. Holder*, 379 U.S. 104, 85 S. Ct. 234, 13 L. Ed. 2d 152 (1964); *Blue Bell Boots, Inc. v. Equal Employment Opportunity Comm'n*, 418 F.2d 355 (6th Cir. 1969).

**III. APPLICATION**

Defendants contend that the requested financial information is irrelevant to any defenses asserted by them. *Defendants' Response*, p. 10. This Court disagrees. Defendants assert affirmative defenses alleging that defendants have satisfied any debt to or claim of plaintiffs.[5] *See Answer and Counterclaim of Defendants, JAG Graphics, Ltd. and John Giddens*, Doc. No. 5, ¶¶ 51 (claims are barred because the claims have been satisfied), 53 (Accord and Satisfaction) and 55 (claims are barred because defendants executed payment to plaintiffs).

Request Nos. 11 and 13 seek information regarding bank accounts opened by Giddens and/or JAG and all of JAG's financial books and records. *See* Exhibit A, attached to *Motion to Compel*. These requests are reasonably calculated to evidence expenses paid by JAG, including whether or not defendants have satisfied the debt allegedly owed to

---

[5]The Court observes that these defenses are apparently inconsistent with defendants' assertions and monthly payments to plaintiffs.

plaintiffs. Therefore, these requests are relevant to defenses raised in this action.

Request Nos. 11 and 13 are also relevant to plaintiff's breach of contract claim. The *Complaint* alleges that, pursuant to the oral agreement, Giddens and Weinstock would jointly operate JAG. *Complaint*, ¶¶ 13, 16 and 27. The *Complaint* further alleges that defendants acted in breach of this agreement by excluding Weinstock from any role in JAG's operations, including by the opening of a separate bank account accessible only to Giddens and by diverting JAG receivables into this account. *Id*. at ¶¶ 17, 30.

The financial information sought in Request Nos. 11 and 13 addresses the management and operation of JAG and is relevant to the issue of breach of the alleged oral agreement and to the extent of any such breach. That requested information is therefore discoverable. *See* F.R. Civ. P. 26(b)(1).

However, plaintiffs have not established that the information sought by the remaining requests is reasonably calculated to lead to the discovery of admissible evidence. Much of the financial information sought by plaintiffs relates to JAG's financial condition and its ability to pay its debts, including its alleged obligation to repay $255,000 to plaintiff Weinstock. However, plaintiffs are not, apparently, proceeding separately on a claim based on defendants' alleged promise to refund that amount through monthly payments. To the extent that the requested financial information relates only to efforts to collect on an eventual judgment in this action against defendants, that discovery is premature. *Cf*. F.R. Civ. P. 69(a)(2). The Court therefore concludes that Request Nos. 6, 7, 14 and 15 are

8

not appropriate topics of discovery at this stage of the litigation.

**IV. REQUEST FOR COSTS AND ATTORNEY FEES**

In the *Motion to Compel*, plaintiffs seek an award of their costs and attorney fees incurred in connection with its motion.  Rule 37 requires the payment of expenses associated with the grant of a motion to compel unless the "opposing party's nondisclosure, response, or objection was substantially justified; or . . . other circumstances make an award of expenses unjust."  Fed. R. Civ. P. 37(a)(5)(A)(ii), (iii).  Because the Court has concluded that most of the requested discovery is not appropriate, the Court declines to award expenses.  Accordingly, plaintiffs' requests for costs and attorney fees associated with the *Motion to Compel* is **DENIED**.

**WHEREUPON**, *Plaintiffs' Motion to Compel*, Doc. No. 13, is **GRANTED in part and DENIED in part**.  Defendants must respond to Request Nos. 11 and 13.

The Court will expect the parties to attempt to agree on appropriate terms of a protective order.  Absent agreement, the parties may confer with the Court.

Plaintiffs' request for an award of attorney fees and costs is **DENIED.**


May 13, 2008                               *s/Norah M<sup>c</sup>Cann King*
                                            Norah M<sup>c</sup>Cann King
                                         United States Magistrate Judge

9